```
```

FILED
BILLINGS DIV.
2008 SEP 3 AM 11 28
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| PAMELA ANN VERNES, | ) | CV-07-150-BLG-RFC |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| WARDEN JO ACTON; ATTORNEY GENERAL OF THE STATE OF MONTANA | ) | |
| Respondents. | ) | |

On August 13, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Vernes's Petition should be dismissed with prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1)[1]. In this matter, Petitioner filed an objection on August 25, 2008. Petitioner's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Petitioner's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

adopted in their entirety.

The doctrine of procedural default bars this Court from considering the petition. In this case, the procedural default is clear on the face of the petition because Petitioner did not raise any of the claims alleged in her federal petition in her direct appeal to the Montana Supreme Court. *Compare State v. Vernes*, 130 P.3d 169, 171, ¶¶ 3-5, (Mont. 2006), *with* Pet. at 4-7 *and* Pet. attachment at 1-5. She filed a petition for post-conviction relief, but did not appeal the adverse decision. Consequently, her claims have not been fairly presented to the Montana Supreme Court. A second petition for post-conviction relief is not available because the one-year state statute of limitations has already expired. *See* Mont. Code Ann. § 46-21-102(1) (2003); *State v. Root*, 64 P.3d 1035, 1037-38, ¶ 16 (Mont. 2003). Petitioner's claims are procedurally barred by state court.

Under most circumstances, claims that are procedurally defaulted in state court also cannot be raised in federal court. The state's procedural bars are generally adequate and independent grounds for declining to grant relief and are not subject to federal review. *Harris v. Reed*, 489 U.S. 255, 263 (1989). In such cases, a petitioner is said to have procedurally defaulted on her claims for relief, and her case cannot be considered by a federal court.

There are two exceptions to the general rule of dismissal for procedural default. Once a procedural default is found to exist, "federal habeas review of the claims is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has failed to show why the doctrine of procedural default does not apply to her.

2

She also fails to show cause and prejudice or a fundamental miscarriage of justice to excuse her procedural default. Accordingly, her petition will be dismissed with prejudice as procedurally barred. *See Harris*, 489 U.S. at 263.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Vernes's Petition is DISMISSED WITH PREJUDICE as procedurally barred;

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner; and

3. A certificate of appealability is DENIED.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this _____ day of September, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3